**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF IOWA**
**DAVENPORT DIVISION**

| | |
|---|---|
| **BERGMANN LAW FIRM, P.L.L.C.,** | |
| **BEAU A. BERGMANN,** Jointly, individually and on behalf of **ANDROMEDA HOLDINGS, L.L.C.,** (formerly known as **ANDROMEDA MARINE L.LC.),** | **CASE NO. 3:25-cv-125** |
| **MEGAN WETTACH BERGMANN,** Jointly | |
| Plaintiffs, | |
| vs. | |
| **IOWA DISTRICT COURT IN AND FOR HENRY COUNTY,** | **PETITION AT LAW AND JURY DEMAND** |
| **DARIN STATER official and individual capacities,** | |
| **HENRY COUNTY IOWA,** | |
| **LYLE MURRAY official and individual capacities,** | |
| **CITY OF MT. PLEASANT,** | |
| Defendant. | |

**COMES NOW** the Plaintiffs, Bergmann Law Firm, P.L.L.C., Beau A. Bergmann, Andromeda Holdings L.L.C., & Megan Wettach Bergmann and in support of this cause of action, respectfully states as follows:

1

**PARTIES**

1. Plaintiff Bergmann Law Firm, PLLC (herein after "Bergmann Law") is a professional limited liability company (S-Corp) formed and operated under the laws of the State of Iowa.

2. Plaintiff Beau Bergmann (herein after "Bergmann") is a United States citizen and was a resident of Henry County, Iowa at all times relevant to the events complained of herein.

3. Andromeda Holdings, L.L.C. (formerly known as Andromeda Marine, L.L.C.) is a limited liability company formed and operated under the laws of the State of Iowa.

4. Plaintiff Megan Wettach Bergmann (herein after "Wettach Bergmann") is a United States citizen and was a resident of Henry County, Iowa at all times relevant to the events complained of herein.

5. Defendant Iowa District Court in and for Henry County (hereinafter "Court") is an Iowa court established under the laws of the State of Iowa under the direction of the Iowa Judicial Branch with its primary place of business in Henry County, Iowa.

6. Defendant Darin Stater (hereinafter "Stater") is believed to be a citizen and resident of Henry County, Iowa and was employed as the Henry County Attorney at all times relevant to the events complained of herein.

7. Defendant Henry County, Iowa (hereinafter "Henry") is an Iowa County. Defendant Henry County is the employer of Defendant Stater.

8. Defendant Lyle Murray (hereinafter "Murray") is believed to be a citizen and resident of Henry County, Iowa and was employed as the Mt. Pleasant Chief of Police at all times relevant to the events complained of herein.

9.   Defendant City of Mt. Pleasant, Iowa, (hereinafter "City") is an Iowa municipality. Defendant City is the employer of Defendant Murray.

10.  Defendants are sued in their official and individual capacities.

## JURISDICTION

11.  This is a civil rights case brought under 42 U.S.C. § 1983, the Fourth Fifth, and Fourteenth Amendments to the United States Constitution.

12.  This Court has jurisdiction under 28 U.S.C. §§ 1331, 1343, 2201, and 2202.

13.  Venue is proper in this Court under 28 U.S.C. §§ 1391(b)(1)–(2) because all and all events or omissions giving rise to Plaintiff's claims occurred in—the Eastern Division of the Southern District of Iowa.

## GENERAL FACTUAL ALLEGATIONS

14.  All events complained of herein occurred in Henry County, Iowa

15.  Plaintiff Bergmann Law is a professional limited liability company (S-Corp) which at all times relevant herein operated a general practice law practice in downtown Mt. Pleasant, Iowa with regular business hours.

16.  Plaintiff Bergmann is an Iowa resident who at times relevant to the events complained of herein maintained bank accounts at Wayland State Bank, Mt. Pleasant, Iowa.

17.  Plaintiff Bergmann Law maintained a registered Interest on Lawyer Trust Account (hereinafter, "IOLTA Account") at Wayland State Bank located in Mt. Pleasant, Iowa.

18.  Plaintiff Bergmann at times relevant to the events complained of herein maintained bank accounts at Wayland State Bank, Mt. Pleasant, Iowa.

19. Plaintiff Wettach Bergmann at times relevant to the events complained of herein maintained bank accounts at Wayland State Bank, Mt. Pleasant, Iowa.16.

20. Plaintiff Bergmann maintained a business account on behalf of Andromeda Holdings, L.L.C. (formerly known as Andromeda Marine, L.L.C.) at Wayland State Bank.

21. On August 16, 2023, a search warrant application (SW–1527) in case no. SWSW001527 brought before the Iowa District Court in and for Henry County by Mt. Pleasant Police Chief Lyle Murray (hereinafter "Murray") and Henry County Attorney Darin Stater (hereinafter "Stater").

22. The search warrant application (SW–1527) by Murray and Stater in their official duties as Mt. Pleasant Police Chief and Henry County Attorney respectively requested for a search warrant to be issued to Wayland State Bank at 301 S. Main St., Mt. Pleasant, Iowa for:

> ….any and all statements during the time in question associated with any and all Wayland State Bank Accounts owned by Beau and/or Bergmann Law, including but not limited to #0109401 and #01096380

23. Application for Search Warrant (SW–1527) further stated:

> I am asking for the date range from January 18, 2023 when the petition was filed to August 1, 2023 for any and all statements from the accounts listed above and any others I am unaware of at Wayland State Bank associate with Beau Bergmann, either by himself, his business, or co account holders.

24. Murray's affidavit (SW–1527) was based upon information brought to Murray by private attorney Steve Ort (hereinafter "Ort").

25. Murray's affidavit (SW–1527) alleged that Beau Bergmann had taken $20,000 from an alleged mentally incapacitated person illegally and would not return the

money.

26. On January 18, 2023, an Involuntary Combined Petition for Appointment of Guardian and Conservator for Adult was filed.

27. Murray's affidavit (SW–1527) for the search warrant states that a check was drafted to Bergmann Law by R.L. on February 19, 2023.

28. A Guardianship/Conservatorship hearing took place in the Iowa District Court in and for Henry County on March 6, 2023.

29. Ort did not represent any interested parties at that time.

30. Court records demonstrate that Ort did not represent any interested parties at that time.

31. Ort was not present for this hearing.

32. Murray's affidavit (SW–1527) states that a guardianship/conservatorship was not entered until March 8, 2023.

33. R.L. was not a "ward' until March 8, 2023.

34. R.L. had the right to choose and retain his own counsel.

35. On June 5, 2023, a hearing took place in the Iowa District Court in and for Henry County at which time Ort insisted that R.L.'s retainer funds in the amount of $20,000 be submitted to the recently established conservatorship of R.L.

36. At the hearing of June 5, 2023, the Defendant Court ordered that the entirety of the funds remain in Bergmann's IOLTA account.

37. Ort was present for this hearing and thus was aware of the court's ruling regarding the state of the funds.

38. Also present at the hearing of June 5, 2023, hearing, were representatives of the

Henry County Attorney's office.

39.   According to Defendant Murray's affidavit (SW–1527), it only after the June 5, 2023 hearing that Ort first made contacted Defendant Murray regarding the relevant allegations.

40.   First contact between Ort and Defendant Murray occurred on June 14, 2023.

41.   Defendant Murray's affidavit (SW–1527) states that:

The money was paid on a Lawyer Trust Account Bergmann Law Firm check [account], which appears to be brand new account on 6/28/23.

42.   Defendant Murray had no way to know when the IOLTA account was opened at that time.

43.   Defendant Murray's statement regarding the age of the IOLTA account was without merit and misleading.

44.   Funds held in an IOLTA account are not the property of the attorney maintaining said account, but the property of the client or third party.

45.   Defendant Stater was aware that funds held in an IOLTA account are not the property of the attorney maintaining said account, but the property of the client or third party.

46.   Further, Defendant Murray's affidavit (SW–1527) references a second check from a client (L.G.) made to the Bergmann Law Firm for $9,500.

47.   On June 5, 2023, a check for $9,500 was drafted on behalf of L.G. and mailed on June 6, 2023, via first class mail to the office of Bell, Ort and Leichty.

48.   Defendants Murray and Stater were aware that Plaintiffs Bergmann Law and/or Bergmann had mailed payment to Ort on behalf of L.G.

49.   By July 6, 2023, the June 5 L.G. check had not yet been deposited nor returned

to Bergmann Law.

50. Therefore, Bergmann drafted a second check on July 6, 2023, for $9,500 on behalf of L.G.

51. After one week, when the June 5 L.G. check had not yet been deposited nor returned to Bergmann Law, Bergmann had a member of his staff personally deliver the July 6 check to the office of Bell, Ort and Leichty.

52. Defendants Murray and Stater were aware that Plaintiffs Bergmann Law and/or Bergmann had hand-delivered payment to Ort on behalf of L.G.

53. Defendants Murray and Stater were aware that dissolution equalization payments would constitute civil matters and not criminal charges.

54. Defendants Murray and Stater were aware that small claims/garnishment proceedings are not inherently involved with representation for dissolution.

55. Defendants Murray and Stater were aware that the R.L. retainer fees were ordered to remain in the IOLTA account on June 5, 2023.

56. Defendants Murray and Stater were aware that the R.L. retainer fees were paid to the Conservatorship of [R.L.] in June 2023.

57. On July 21, 2023, Bergmann filed a "STOP PAYMENT" with Wayland State Bank for the June 5 L.G. check.

58. Bergmann's client, L.G., was the individual who drafted and issued the $9,500 check to Bergmann Law

59. L.G. was not the complainant to Murray.

60. L.G. did not have any contact with Murray prior to August 16, 2023.

61. L.G. did not have any contact with Stater prior to August 16, 2023.

62. The information pertaining to the L.G. funds would not constitute a criminal offense.

63. There was no probable cause that a criminal offense had or was occurring as of August 16, 2023.

64. Murray's affidavit (SW–1527) alleges that "…Bergmann either stole or fraudulently obtained money from the two victims."

65. This allegation in Murray's affidavit (SW–1527) was without merit.

66. Defendants Murray and Stater knew the allegation in Murray's affidavit (SW–1527) was without merit.

67. Defendant Murray's affidavit (SW–1527) is absent of an information supporting the allegation that R.L. did not sign the check on February 19, 2023.

68. Defendant Murray's affidavit (SW–1527) is absent of an information supporting the allegation that R.L. did not authorize the retainer on February 19, 2023.

69. Defendant Murray's affidavit (SW–1527) is absent of any information relating to the nature of R.L. contact with Plaintiffs Bergmann Law and/or Bergmann prior to February 20, 2023.

70. Defendant Murray's affidavit (SW–1527) fails to describe the nature of Bergmann's representation of R.L.

71. Defendant Murray's affidavit (SW–1527) is absent of an allegation that L.G. did not authorize payment of fees to Bergmann.

72. Based upon Murray's affidavit (SW–1527), a Search Warrant in case no. SWSW001527 was signed by District Associate Judge Stensvaag (hereinafter "Stensvaag") of Defendant Court.

73. Stensvaag's endorsement of the SWSW001527 search warrant on behalf of Defendant Court lists only Lyle Murray 204 E. Washington St. Mt. Pleasant, IA 52641 as the only witness the court relied upon.

74. Stensvaag's endorsement of the SWSW001527 search warrant on behalf of Defendant Court lists nothing under "Abstract of Testimony"

75. Stensvaag's endorsement of the SWSW001527 search warrant on behalf of Defendant Court lists no information supplied by a confidential information.

76. Stensvaag's endorsement of the SWSW001527 search warrant on behalf of Defendant Court does not mark any reason that "The information appears credible because (select):"

77. Defendants Court was aware or should have been aware that dissolution equalization payments would constitute civil matters and not criminal charges.

78. Defendant Court was aware or should have been aware that small claims/garnishment proceedings are not inherently involved with representation for dissolution.

79. Defendant Court was aware or should have been aware that the small claims/garnishment issue alleged in the affidavit 1527 did not constitute a criminal offense.

80. Defendant Court was aware or should have been aware that the R.L. retainer fees were ordered to remain in the IOLTA account on June 5, 2023.

81. Defendant Court was aware or should have been aware that the R.L. retainer fees were paid to the Conservatorship of [R.L.] in June 2023.

82. Defendant Court was aware or should have been aware that there was no

probable cause that a criminal offense had or was occurring as of August 16, 2023.

83.    On August 28, 2023, the search warrant in case no. SWSW001527 was executed and filed by Defendant Murray and accepted by District Court Judge Clinton Boddicker on behalf of Defendant Court.

84.    The property was seized through the search warrant in case no. SWSW001527 was seized by Defendant Murray.

85.    This seizure occurred without the consent of Plaintiff Bergmann Law Firm, P.L.L.C. relating to case no. SWSW001527

86     This seizure occurred without the consent of Plaintiff Beau Bergmann relating to case no. SWSW001527

87.    This seizure occurred without the consent of Plaintiff Andromeda relating to case no. SWSW001527

88.    This seizure occurred without the consent of Plaintiff Megan Wettach Bergmann relating to case no. SWSW001527

89.    Plaintiff Bergmann Law Firm, P.L.L.C. had a right to possession of certain property at the time it was taken into custody relating to case no. SWSW001527

90.    Plaintiff Beau Bergmann had a right to possession of certain property at the time it was taken into custody relating to case no. SWSW001527

91.    Plaintiff Andromeda had a right to possession of certain property at the time it was taken into custody relating to case no. SWSW001527

92     Plaintiff Wettach Bergmann had a right to possession of certain property at the

time it was taken into custody relating to case no. SWSW001527

93. The aggregate fair market value of the property seized was equal to or less than five hundred dollars relating to case no. SWSW001527

94. Plaintiff Bergmann Law Firm, P.L.L.C. was not provided notice of seizure at any time by Defendant Murray or any other Defendant relating to case no. SWSW001527

95. Plaintiff Bergmann was not provided notice of seizure at any time by Defendant Murray or any other Defendant relating to case no. SWSW001527

96. Plaintiff Andromeda was not provided notice of seizure at any time by Defendant Murray or any other Defendant relating to case no. SWSW001527

97. Plaintiff Wettach Bergmann was not provided notice of seizure at any time by Defendant Murray or any other Defendant relating to case no. SWSW001527.

98. No notice of disposition of seized property was sent by personal service or regular mail to Plaintiff Bergmann Law Firm, P.L.L.C. by Defendant Murray or any other Defendant relating to case no. SWSW001527

99. No notice of disposition of seized property was sent by personal service or regular mail to Plaintiff Andromeda by Defendant Murray or any other Defendant relating to case no. SWSW001527.

100. No notice of disposition of seized property was sent by personal service or regular mail to Plaintiff Bergmann by Defendant Murray or any other Defendant relating to case no. SWSW001527

101. No notice of disposition of seized property was sent by personal service or regular mail to Plaintiff Wettach Bergmann by Defendant Murray or any other Defendant

relating to case no. SWSW001527

102. Defendant Court did not seal or establish security restrictions as to the contents of the search warrant.

103. Plaintiffs' business, personal and private information were included in said materials.

104. Defendants failed to redact all sensitive information.

105. On September 18, 2023, Defendants Murray and Stater filed a second search warrant application in case no. SWSW001543.

106. This second application (SW–1543) was brought before the Defendant Court.

107. The search warrant application (SW–1543) was made by Defendants Murray and Stater in their official duties as Mt. Pleasant Police Chief and Henry County Attorney respectively.

108. The search warrant (SW–1543) requested to be issued to Wayland State Bank at 301 S. Main St., Mt. Pleasant, Iowa for:

> in Henry County, there is now certain property, namely: Beau Bergmann Accounts
>
> Wayland State Bank Account #0109401 Wayland State Bank Account #0380956
>
> Account 109401: Checks, all records of deposits (including but not limited to deposited items, deposit tickets, mobile deposit images, and cash in tickets), all records of withdrawals (including but not limited to withdrawal tickets and cash out tickets), all electronic payment records, all records documenting online payment authorizations, documents of offset, transfer slips/tickets, bank drafts, debit or credit memos, and/or any other documents displaying the movement, withdrawal, deposit. credit, or transfer of funds on the following date(s): 03/23/23; 05/03/23; 05/04/23; 05/08/23; 05/16/23; 05/17/23; and 05/18/23
>
> Account 380956: Checks, all records of deposits (including but not

limited to deposited items, deposit tickets, mobile deposit images, and cash in tickets), all records of withdrawals (including but not limited to withdrawal tickets and cash out tickets), all electronic payment records, all records documenting online payment authorizations, documents of offset, transfer slips/tickets, bank drafts, debit or credit memos, and/or any other documents displaying the movement, withdrawal, deposit, credit, or transfer of funds on the following date: 04/24/23

109. The search warrant application (SW–1543) contained an affidavit under penalty of perjury by Defendant Murray.

110. No other affidavits were attached to the search warrant application (SW–1527).

111. Defendant Murray's affidavit (SW–1543) repeated several parts of the previous search warrant application.

112. Defendant Murray's affidavit (SW–1543) cites to an issue with the L.G. check which would not qualify as a criminal matter.

113. Defendant Murray's affidavit (SW–1543) notes payment in regard to L.G. was made.

114. Defendant Murray's affidavit (SW–1543) cites that "…..Bergmann has withheld and only paid after basically court ordered….."

115. This statement was false.

116. No court order directed Plaintiffs Bergmann Law Firm and Bergmann to pay funds directly to Ort.

117. Defendant Murray's affidavit (SW–1543) cites "two suspicious checking accounts."

118. Defendant Murray's affidavit (SW–1543) offers no further explanation as to why such accounts were "suspicious."

119. Upon information and belief, Defendant Murray did not obtain R.L.'s signature in

person.

120.   Defendant Murray's affidavit (SW–1543) notes that a "counter check" for a $20,000 check but notes that "It's possible he simply doesn't have checks associated with his trust account."

121   There is no legal requirement to have custom checks associated with a checking account.

122.   There is no legal requirement to have custom checks associated with an IOLTA account.

123.   Defendant Murray's affidavit (SW–1543) notes receipt of documents from the 1527 search warrant which included the Bergmann Law IOLTA account.

124.   Said IOLTA records illustrated that at all times relevant, all funds in questions were held in the IOLTA account before being disbursed to the Conservatorship of [R.L.] and Bell, Ort, & Liechty respectively.

125.   Defendant Murray's affidavit (SW–1543) requests specific information in regard to account 380956 which is maintained on behalf of Plaintiff Andromeda.

126.   Defendant Murray's affidavit (SW–1543) contains no mention of information linking this account or Andromeda with any past or on-going criminal action.

127.   Based upon Defendant Murray's affidavit (SW–1543), a Search Warrant in case no. SWSW001543 was signed by District Judge Boddicker (hereinafter "Boddicker") of the Defendant Court.

128.   Boddicker's endorsement of the SWSW001543 search warrant on behalf of Defendant Court on September 18, 2023, lists only (Defendant) Lyle Murray 204 E. Washington St. Mt. Pleasant, IA 52641 as the only witness the court relied

upon.

129. Boddicker's endorsement of the SWSW001543 search warrant on behalf of Defendant Court lists nothing under "Abstract of Testimony"

130. Boddicker's endorsement of the SWSW001543 search warrant on behalf of Defendant Court lists no information supplied by a confidential informant.

131. Boddicker's endorsement of the SWSW001543 search warrant on behalf of Defendant Court does not mark any reason that "The information appears credible because (select):"

132. On September 29, 2023, the search warrant in case no. SWSW001543 was executed and filed by Defendant Murray.

133. The SWSW001543 warrant was accepted by District Court Judge Wyatt Peterson on behalf of Defendant Court on October 29, 2023.

134. The property seized through the search warrant in case no. SWSW001543 was seized by Defendant Murray.

135. This seizure occurred without the consent of Plaintiff Bergmann Law Firm, P.L.L.C. relating to case no. SWSW001543

136. This seizure occurred without the consent of Plaintiff Andromeda relating to case no. SWSW001543

137. Plaintiff Bergmann Law Firm, P.L.L.C. had a right to possession of certain property at the time it was taken into custody relating to case no. SWSW001543

138. Plaintiff Andromeda had a right to possession of certain property at the time it was taken into custody relating to case no. SWSW001543

139. The aggregate fair market value of the property seized was equal to or less than

five hundred dollars relating to case no. SWSW001543

140. Plaintiff Bergmann Law Firm, P.L.L.C. was not provided notice of seizure at any time by Murray or any other Defendant relating to case no. SWSW001543

141. Plaintiff Bergmann was not provided notice of seizure at any time by Murray or any other Defendant relating to case no. SWSW001543

142. No notice of disposition of seized property was sent by personal service or regular mail to Plaintiff Bergmann Law Firm, P.L.L.C. by Murray or any other Defendant relating to case no. SWSW001543

143. No notice of disposition of seized property was sent by personal service or regular mail to Plaintiff Bergmann by Murray or any other Defendant relating to case no. SWSW001543

144. The Court did not seal or establish security restrictions as to the contents of the search warrant.

145. Plaintiffs' business, personal and private information including but not limited to confidential third parties, were included in said materials.

146. Defendants failed to redact all sensitive information.

147. Ort was not classified as an "informant" at any time relevant to either search warrant

148. There was not a signed affidavit under penalty of perjury by Brau included with either search warrant application.

149. Brau was not classified as an "informant" at any time relevant to either search warrant

150. There was not a signed affidavit under penalty of perjury by Cornell included with

either search warrant application.

151. Cornell was not classified as an "informant" at any time relevant to either search warrant.

152. There was not a signed affidavit under penalty of perjury by R.L. included with either search warrant application.

153. R.L. was not classified as an "informant" at any time relevant to either search warrant

154. There was not a signed affidavit under penalty of perjury by L.G. included with either search warrant application.

155. L.G. was not classified as an "informant" at any time relevant to either search warrant.

156. On November 14, 2023, the Plaintiffs were first made aware of the execution of the aforementioned search warrants in case nos. SWSW001527 & SWSW001543.

157. No prior notification or notice was provided to Plaintiffs regarding the actions by the Defendants.

158. Plaintiffs promptly contacted legal counsel on November 14, 2023, in order to attempt to seal the cases and prevent the spread of confidential information in furtherance of attempts to mitigate damages.

159. Upon information and belief, the seized property was no longer required as evidence in a criminal investigation.

160. Upon information and belief, Defendant Stater initially opposed sealing said cases.

161. Upon information and belief, said cases were only sealed on December 21, 2023.

## CAUSES OF ACTION

## COUNT I

## CIVIL RIGHTS VIOLATION UNDER 42 U.S.C § 1983 VIOLATION OF 4th and 14th AMENDMENT TO THE UNITED STATES CONSTITUTION RIGHT TO BE FREE FROM UNREASONABLE SEARCHES
## (Against All Defendants SWSW001527 as to Plaintiffs Bergmann Law, Bergmann, Andromeda & Wettach Bergmann)

162. Plaintiffs replead the preceding paragraphs as if fully set forth herein.

163. Defendants Murray and Stater are persons for the purpose of a Section 1983 action for damages and this Count is brought against them in their official and individual capacities.

164. At all times material hereto, all Defendants' joint and several actions and omissions were made under the color of authority and law.

165. It is clearly established that government actors cannot enter or search a property without a warrant, absent a recognized exigency or exception. *Webster v. Westlake*, 41 F.4th 1004, 1011 (8th Cir. 2022).

166. Defendants joint and severally violated Plaintiffs' clearly established federal constitutional rights by conspiring, seeking, approving, and conducting unlawful search of property without probable cause, reasonable suspicion, an exigency, or any other exception allowing them to do so.

167. Defendants joint and severally were aware that their conduct was unconstitutional.

168. Defendants joint and several demonstrated a deliberate indifference to and reckless disregard of Plaintiffs' civil and constitutional rights.

169. All Defendants' actions were willful, wanton, unlawful, and in gross disregard of Plaintiffs' civil rights, justifying an award of punitive damages.

170. As a result of the Defendants' joint and several illegal and unjustified conduct, Plaintiffs were injured and are entitled to recover for what have suffered in the past and will suffer in the future.

## COUNT II

### CIVIL RIGHTS VIOLATION UNDER 42 U.S.C § 1983 VIOLATION OF 4th and 14th AMENDMENT TO THE UNITED STATES CONSTITUTION RIGHT TO BE FREE FROM UNREASONABLE SEARCHES
### (Against All Defendants SWSW001543 as to Plaintiffs Bergmann Law, Bergmann, & Andromeda)

171. Plaintiffs replead the preceding paragraphs as if fully set forth herein.

172. Defendants Murray and Stater are persons for the purpose of a Section 1983 action for damages and this Count is brought against them in their official and individual capacities.

173. At all times material hereto, all Defendants' joint and several actions and omissions were made under the color of authority and law.

174. It is clearly established that government actors cannot enter or search a property without a warrant, absent a recognized exigency or exception. *Webster v. Westlake*, 41 F.4th 1004, 1011 (8th Cir. 2022).

175. Defendants joint and severally violated Plaintiffs' clearly established federal constitutional rights by conspiring, seeking, approving, and conducting unlawful search of property without probable cause, reasonable suspicion, an exigency, or any other exception allowing them to do so.

176. Defendants joint and severally were aware that their conduct was

unconstitutional.

177. Defendants joint and several demonstrated a deliberate indifference to and reckless disregard of Plaintiffs' civil and constitutional rights.

178. All Defendants' actions were willful, wanton, unlawful, and in gross disregard of Plaintiffs' civil rights, justifying an award of punitive damages.

179. As a result of the Defendants' joint and several illegal and unjustified conduct, Plaintiffs were injured and are entitled to recover for what have suffered in the past and will suffer in the future.

## COUNT III

### CIVIL RIGHTS VIOLATION UNDER 42 U.S.C § 1983 VIOLATION OF 4th and 14th AMENDMENT TO THE UNITED STATES CONSTITUTION RIGHT TO BE FREE FROM UNREASONABLE SEARCHES
### (Against All Defendants SWSW001527 as to Plaintiffs Bergmann Law, Bergmann, Andromeda & Wettach Bergmann)

180. Plaintiffs replead the preceding paragraphs as if fully set forth herein.

181. Defendants Murray and Stater are persons for the purpose of a Section 1983 action for damages and this Count is brought against them in their official and individual capacities.

182. At all times material hereto, all Defendants' joint and several actions and omissions were made under the color of authority and law.

183. It is clearly established that government actors cannot enter or search a property without a warrant, absent a recognized exigency or exception. *Webster v. Westlake*, 41 F.4th 1004, 1011 (8th Cir. 2022).

184. The warrant was not properly executed and thus should have been rendered void.

185. Furtherance of the void search warrant by Defendant joint and severally

constituted a warrantless and thus unconstitutional search and seizure against the Plaintiffs.

186.  Defendants joint and severally violated Plaintiffs' clearly established federal constitutional rights by conspiring, seeking, approving, and conducting unlawful search of property without probable cause, reasonable suspicion, an exigency, or any other exception allowing them to do so.

187.  Defendants joint and severally were aware that their conduct was unconstitutional.

188.  Defendants joint and several demonstrated a deliberate indifference to and reckless disregard of Plaintiffs' civil and constitutional rights.

189.  All Defendants' actions were willful, wanton, unlawful, and in gross disregard of Plaintiffs' civil rights, justifying an award of punitive damages.

190.  As a result of the Defendants' joint and several illegal and unjustified conduct, Plaintiffs were injured and are entitled to recover for what have suffered in the past and will suffer in the future.

## COUNT IV

**CIVIL RIGHTS VIOLATION UNDER 42 U.S.C § 1983 VIOLATION OF 4th and 14th AMENDMENT TO THE UNITED STATES CONSTITUTION RIGHT TO BE FREE FROM UNREASONABLE SEARCHES**
**(Against All Defendants SWSW001543 as to Plaintiffs Bergmann Law, Bergmann, & Andromeda)**

191.  Plaintiffs replead the preceding paragraphs as if fully set forth herein.

192.  Defendants Murray and Stater are persons for the purpose of a Section 1983 action for damages and this Count is brought against them in their official and individual capacities.

21

193. At all times material hereto, all Defendants' joint and several actions and omissions were made under the color of authority and law.

194. It is clearly established that government actors cannot enter or search a property without a warrant, absent a recognized exigency or exception. *Webster v. Westlake*, 41 F.4th 1004, 1011 (8th Cir. 2022).

195. The warrant was not properly executed and thus should have been rendered void.

196. Furtherance of the void search warrant by Defendant joint and severally constituted a warrantless and thus unconstitutional search and seizure against the Plaintiffs.

197. Defendants joint and severally violated Plaintiffs' clearly established federal constitutional rights by conspiring, seeking, approving, and conducting unlawful search of property without probable cause, reasonable suspicion, an exigency, or any other exception allowing them to do so.

198. Defendants joint and severally were aware that their conduct was unconstitutional.

199. Defendants joint and several demonstrated a deliberate indifference to and reckless disregard of Plaintiffs' civil and constitutional rights.

200. All Defendants' actions were willful, wanton, unlawful, and in gross disregard of Plaintiffs' civil rights, justifying an award of punitive damages.

201. As a result of the Defendants' joint and several illegal and unjustified conduct, Plaintiffs were injured and are entitled to recover for what have suffered in the past and will suffer in the future.

**COUNT V**

22

**CIVIL RIGHTS VIOLATION UNDER 42 U.S.C § 1983 VIOLATION OF 5th and 14th AMENDMENT TO THE UNITED STATES CONSTITUTION RIGHT TO DUE PROCESS**
**(Against All Defendants SWSW001527 as to Plaintiffs Bergmann Law, Bergmann, Andromeda & Wettach Bergmann)**

202. Plaintiffs repleads the preceding paragraphs as if fully set forth herein.

203. Defendants Murray and Stater are persons for the purpose of a Section 1983 action for damages and this Count is brought against them in their official and individual capacities.

204. At all times material hereto, all Defendants' joint and several actions and omissions were made under the color of authority and law.

205. Defendants had a duty to ensure due process was provided to the Plaintiffs.

206. Defendants failed to provide due process to the Plaintiffs at the time of the execution of the search and seizure as well as subsequent to the search and seizure.

207. Defendants violated Plaintiffs' clearly established federal constitutional rights by depriving them of due process through failure to make all required notices.

208 Defendant were on notice that their conduct was unconstitutional.

209. Defendant demonstrated a deliberate indifference to and reckless disregard of Plaintiffs' civil and constitutional rights.

210. Plaintiff had a right to due process guaranteed by the Fifth and Fourteenth Amendment to the United States Constitution.

211. Defendant's actions were willful, wanton, unlawful, and in gross disregard of Plaintiff's civil rights, justifying an award of punitive damages.

212. As a result of the Defendant's illegal and unjustified conduct, Plaintiff was injured and is entitled to recover for what he has suffered in the past and will suffer in the future.

**COUNT VI**

**CIVIL RIGHTS VIOLATION UNDER 42 U.S.C § 1983 VIOLATION OF 5th and 14th AMENDMENT TO THE UNITED STATES CONSTITUTION RIGHT TO DUE PROCESS**
**(Against All Defendants SWSW001543 as to Plaintiffs Bergmann Law, Bergmann, & Andromeda)**

213. Plaintiffs replead the preceding paragraphs as if fully set forth herein.

214. Defendants Murray and Stater are persons for the purpose of a Section 1983 action for damages and this Count is brought against them in their official and individual capacities.

215. At all times material hereto, all Defendants' joint and several actions and omissions were made under the color of authority and law.

216. Defendants had a duty to ensure due process was provided to the Plaintiffs.

217. Defendants failed to provide due process to the Plaintiffs at the time of the execution of the search and seizure as well as subsequent to the search and seizure.

218. Defendants violated Plaintiffs' clearly established federal constitutional rights by depriving them of due process through failure to make all required notices.

219. Defendant were on notice that their conduct was unconstitutional.

220. Defendant demonstrated a deliberate indifference to and reckless disregard of Plaintiffs' civil and constitutional rights.

221. Plaintiff had a right to due process guaranteed by the Fifth and Fourteenth

Amendment to the United States Constitution

222. Defendant's actions were willful, wanton, unlawful, and in gross disregard of Plaintiff's civil rights, justifying an award of punitive damages.

223. As a result of the Defendant's illegal and unjustified conduct, Plaintiff was injured and is entitled to recover for what he has suffered in the past and will suffer in the future.

**COUNT VII**

**CIVIL RIGHTS VIOLATION UNDER 42 U.S.C § 1983 VIOLATION OF THE 14th AMENDMENT TO THE UNITED STATES CONSTITUTION RIGHT TO EQUAL PROTECTION**
**(Against All Defendants SWSW001527 as to Plaintiffs Bergmann Law, Bergmann, Andromeda & Wettach Bergmann)**

224. Plaintiff repleads the preceding paragraphs as if fully set forth herein.

225. At all times material hereto, Defendants' actions and omissions were made under the color of authority and law.

226. As entities and persons subject to search and seizure by law enforcement and/or government entities, Plaintiffs were entitled to the same rights and protections provided to similarly-situated entities and/or persons subject to search and seizure.

227. Plaintiffs were not notified by Defendants that a search warrant had been issued.

228. Defendants joint and severally knew they had a duty to notify the Plaintiffs that a search warrant had been issued.

229. Defendants joint and severally failed to notify the Plaintiffs that a search warrant had been issued.

230. Plaintiffs were not notified by Defendants that a search warrant had been

executed.

231.  Defendants joint and severally knew they had a duty to notify the Plaintiffs that a search warrant had been executed.

232.  Defendants joint and severally failed to notify the Plaintiffs that a search warrant had been executed.

233.  Plaintiffs were not notified by Defendants that property to which they had a claim of right and been seized.

234.  Defendants joint and severally knew they had a duty to notify the Plaintiffs that property to which they had a claim of right and been seized.

235.  Defendants joint and severally failed to notify the Plaintiffs that property to which they had a claim of right and been seized.

236.  Plaintiffs had a right to have seized property returned.

237.  Defendants joint and severally knew they had a duty to return the seized property to the Plaintiffs.

238.  Defendants joint and severally failed to return the seized property to the Plaintiffs.

## COUNT VIII

### CIVIL RIGHTS VIOLATION UNDER 42 U.S.C § 1983 VIOLATION OF THE 14th AMENDMENT TO THE UNITED STATES CONSTITUTION RIGHT TO EQUAL PROTECTION
### (Against All Defendants SWSW001543 as to Plaintiffs Bergmann Law, Bergmann, & Andromeda)

239.  Plaintiff repleads the preceding paragraphs as if fully set forth herein.

240.  At all times material hereto, Defendants' actions and omissions were made under the color of authority and law.

241.  As entities and persons subject to search and seizure by law enforcement and/or

government entities, Plaintiffs were entitled to the same rights and protections provided to similarly-situated entities and/or persons subject to search and seizure.

242. Plaintiffs were not notified by Defendants that a search warrant had been issued.

243. Defendants joint and severally knew they had a duty to notify the Plaintiffs that a search warrant had been issued.

244. Defendants joint and severally failed to notify the Plaintiffs that a search warrant had been issued.

245. Plaintiffs were not notified by Defendants that a search warrant had been executed.

246. Defendants joint and severally knew they had a duty to notify the Plaintiffs that a search warrant had been executed.

247. Defendants joint and severally failed to notify the Plaintiffs that a search warrant had been executed.

248. Plaintiffs were not notified by Defendants that property to which they had a claim of right and been seized.

249. Defendants joint and severally knew they had a duty to notify the Plaintiffs that property to which they had a claim of right and been seized.

250. Defendants joint and severally failed to notify the Plaintiffs that property to which they had a claim of right and been seized.

251. Plaintiffs had a right to have seized property returned.

252. Defendants joint and severally knew they had a duty to return the seized property to the Plaintiffs.

253. Defendants joint and severally failed to return the seized property to the Plaintiffs.

## COUNT IX

## INVASION OF PRIVACY
**(Against All Defendants SWSW001527 as to Plaintiffs Bergmann & Wettach Bergmann)**

254. Defendants intentionally intruded on Plaintiffs' solitude, seclusion, and/or private affairs.

255. Defendants' actions would be highly offensive to a reasonable person.

256. Plaintiffs were damaged by Defendants' actions.

## COUNT X

## RESPONDEAT SUPERIOR
**(Against Defendant City of Mt. Pleasant SWSW001527 as to Plaintiffs Bergmann Law, Bergmann, Andromeda & Wettach Bergmann)**

257. Defendant City of Mt. Pleasant, Iowa employed Defendant Murray and thus is liable for his tortious conduct pursuant to the doctrine of respondeat superior.

258. The tortious conduct against Plaintiffs occurred within the scope of Defendant Murray's employment relationship with Defendant City of Mt. Pleasant.

259. Defendant Murray was performing an act in furtherance of Defendant City of Mt. Pleasant's interests.

## COUNT XI

## RESPONDEAT SUPERIOR
**(Against Defendant City of Mt. Pleasant SWSW001543 as to Plaintiffs Bergmann Law, Bergmann, & Andromeda)**

260. Defendant City of Mt. Pleasant, Iowa employed Defendant Murray and thus is liable for his tortious conduct pursuant to the doctrine of respondeat superior.

261. The tortious conduct against Plaintiffs occurred within the scope of Defendant

Murray's employment relationship with Defendant City of Mt. Pleasant.

262. Defendant Murray was performing an act in furtherance of Defendant City of Mt. Pleasant's interests.

## COUNT XII

### RESPONDEAT SUPERIOR
### (Against Defendant Henry County Iowa SWSW001527 as to Plaintiffs Bergmann Law, Bergmann, Andromeda & Wettach Bergmann)

263. Defendant Henry County Iowa employed Defendant Stater and thus is liable for his tortious conduct pursuant to the doctrine of respondeat superior.

264. The tortious conduct against Plaintiffs occurred within the scope of Defendant Stater's employment relationship with Defendant Henry County Iowa.

265. Defendant Stater was performing an act in furtherance of Defendant Henry County Iowa interests.

## COUNT XIII

### RESPONDEAT SUPERIOR
### (Against Defendant Henry County Iowa SWSW001543 as to Plaintiffs Bergmann Law, Bergmann, & Andromeda)

266. Defendant Henry County Iowa employed Defendant Stater and thus is liable for his tortious conduct pursuant to the doctrine of respondeat superior.

267. The tortious conduct against Plaintiffs occurred within the scope of Defendant Stater's employment relationship with Defendant Henry County Iowa.

268. Defendant Stater was performing an act in furtherance of Defendant Henry County Iowa interests.

## PRAYER FOR RELIEF

Plaintiffs pray for Judgment against the aforementioned Defendants as follows:

a.    Actual, Compensatory, Consequential, and all other allowable damages against Defendants in an amount yet to be determined at trial;

b.    Compensation for violation of their constitutional rights, mental anguish, and humiliation;

c.    Plaintiff's cost in this action, including reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988;

d.    An award of pre-judgment interest;

e.    Punitive damages against the individual Respondents; and

f.    Any other relief the Court deems just and equitable.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury in this matter on all counts to which Plaintiffs are entitled to a jury.

Respectfully submitted,

**BERGMANN LAW FIRM, P.L.L.C**

BY: *Beau A. Bergmann /s/* .

Beau A. Bergmann              AT0011561
116 E. 2nd St.
Muscatine, Iowa 52761
TELEPHONE: (319) 385-8527
FACIMILE:    (515) 598-7782
EMAIL: beau@bergmannlawfirm.com
**PLAINTIFF/COUNSEL FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 14, 2025, I electronically filed the foregoing

with the Clerk of Court using the ECF system and a true copy of the foregoing was served electronically on the attorneys of record.

*Beau A. Bergmann  /s/*

**Original Filed.**